UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA J. JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-324-JED-FHM |
| | ) | |
| WAL-MART STORES EAST L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Wal-Mart Stores East L.P.'s Motion for Summary Judgment (Doc. 37).

**I.     BACKGROUND**

Plaintiff Joshua Jackson seeks to hold Wal-Mart liable for injuries he suffered while on the premises of its store in Owasso, Oklahoma. On the day in question, Mr. Jackson was in the rear of the store to make a delivery. (Doc. 42-1 at 4). After a Wal-Mart employee removed the goods from Mr. Jackson's truck, he retrieved the delivery papers and approached the building to have them signed. *Id.*

The part of the building where he made the delivery had two exterior doors: a hinged, pedestrian door, like those commonly used in residential construction, and an overhead garage door. (*See* Doc. 42-2). The doors were next to one another, separated only by a few feet of exterior wall. Mr. Jackson approached the pedestrian door and rang the bell. (Doc. 42-1 at 6). Shortly thereafter, a Wal-Mart employee hoisted the garage door from the inside using a chain and pully system and asked Mr. Jackson for his paperwork.

(*Id.* at 7–8). When Mr. Jackson stepped forward to hand him the papers, the employee released the chain. Because the employee had not locked the door in place, it dropped on Mr. Jackson's head. (*Id.* at 8).

## II.     SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The courts must therefore determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255. The Court may not weigh the evidence and may not credit the evidence of the moving party and ignore the non-movant's evidence. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

## III.    DISCUSSION

Although Wal-Mart denies that this incident ever happened, the company moves for summary judgment on the ground that, even if things happened as Mr. Jackson describes, he would not be entitled to recover. The company casts the incident as a question of pure premises liability and concedes that it owed Mr. Jackson a duty to keep the property in a reasonably safe condition. (*See* Doc. 37 at 5–6). The company further concedes that this

duty entailed an obligation to remove or adequately warn against hidden dangers. Wal-Mart asserts, however, that the open garage door presented an open and obvious danger, not a hidden one, so the company had no duty to safeguard against it.

Wal-Mart's argument rests on a solid legal foundation, but its ultimate conclusion is dubious. The parties agree that Mr. Jackson was an invitee for the purposes of premises liability. Under Oklahoma law, a property owner's duty to an invitee can be summarized as follows:

> It is the duty of the [owner] to use ordinary care to keep [its] premises in a reasonably safe condition for the use of [its] invitees. It is the duty of the [owner] either to remove or warn the invitee of any hidden danger on the premises that the [owner] either actually knows about, or that [it] should know about in the exercise of reasonable care, or that was created by [it] or any of [its] employees who were acting within the scope of their employment. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

Oklahoma Uniform Jury Instructions: Civil, No. 11.10 (3rd ed., 2008, rev. 2014). These duties apply to hidden dangers only. They do not extend to "dangers which are so apparent and readily observable that one would reasonably expect them to be discovered." *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1084 (Okla. 1997). Where conflicting evidence is presented on the issue of the open and obvious nature of the danger, the question must be resolved by the trier of fact. *Sholer v. ERC Mgmt. Grp., LLC*, 256 P.3d 38, 44 (Okla. 2011).

Wal-Mart's contention that an open garage door constitutes an obvious danger takes too narrow a view on the danger in question. What constitutes a hidden danger depends on the physical surroundings and on the peculiar use made of them at the time of the injury.

*Rogers v. Hennessee*, 602 P.2d 1033, 1034 (Okla. 1979). Here, Mr. Jackson did not wander under the open garage door, he approached at the request of a Wal-Mart employee. A jury could reasonably find that Mr. Jackson, having been instructed to approach the open door, was entitled to believe the door was secure. *See Jack Healey Linen Serv. Co. v. Travis*, 434 P.2d 924, 928 (Okla. 1967) ("Where an invitee had been [negligently] misled into a reasonable belief that a passageway or door is an appropriate means of ingress or egress, he is entitled to the protection due to his status while using such passageway or door."). Because there is conflicting evidence as to whether the garage door presented an open and obvious danger, Wal-Mart is not entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons explained above, Defendant Wal-Mart Stores East L.P. is not entitled judgment as a matter of law. Its Motion for Summary Judgment is therefore **denied.**

SO ORDERED this 28th day of July, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT