UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA J. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-324-JED-FHM |
| | ) |
| WAL-MART STORES EAST L.P., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has for its consideration Defendant Wal-Mart Stores East L.P.'s Motion in Limine (Doc. 38).

**I.   DISCUSSION**

This is a personal injury case. Plaintiff, Joshua Jackson, alleges that he was injured when a garage door fell on his head as he made a delivery at Defendant Wal-Mart's store in Owasso Oklahoma. Trial is currently set for March 15, 2021.

In its Motion, Wal-Mart seeks to exclude evidence and argument related to (1) hearsay statements made by unidentified employees, (2) liability insurance, (3) settlement negotiations, (4) other litigation and/or lawsuits, (5) subsequent incidents, (6) subsequent remedial measures, (7) "Golden Rule" arguments, (8) "Reptilian Theory" arguments, (9) expert testimony from treating physicians, (10) medical causation testimony from lay witnesses, (11) the financial condition of Wal-Mart, (12) the Court's rulings, (13) paid versus incurred medical bills, and (14) lost wages. (*See generally*, Doc. 38). Of these, Plaintiff has objected to only numbers nine and thirteen. (*See* Doc. 41). Accordingly, the Court grants Wal-Mart's motion as to the remaining items without further comment and limits its analysis below to the disputed items.

### A.     Request No. 9, Expert Testimony from Treating Physicians

Wal-Mart seeks to prevent various physicians who treated Plaintiff after his injury from testifying as experts, arguing that Plaintiff failed to disclose them as required under Rule 26(a)(2) of the Federal Rules of Civil Procedure. (Doc. 38 at 6–7).

Paragraph (A) of Rule 26(a)(2) provides that a party must disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the expert has been retained or employed to provide the testimony in question, paragraph (B) requires the proponent of the testimony to provide a written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). If the witness is not retained, paragraph (C) nevertheless requires the proponent to disclose "the subject matter on which the witness is expected to present [expert testimony]" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff contends that he adequately disclosed the physicians as non-retained experts in his Designation of Expert Witnesses, a copy of which was timely served on Wal-Mart. Section II of the Designation begins as follows:

> The individuals identified below provided health care to Plaintiff and may be called as fact and expert witnesses to express opinions regarding their examination, their diagnosis and care, treatment rendered to Plaintiff, medical and physical condition of Plaintiff, prognosis, damages and proximate causation of any injuries to Plaintiff within their areas of expertise. They may also express records for these medical providers will provide testimony necessary to prove up the medical and billing records.

(Doc. 41-1 at 5–6). The Designation goes on to list the doctors, grouped according to the nature of their treatment, identifying them by name and employer and providing their contact information. Below each grouping, the Designation provides a general description of the physicians' roles in Plaintiff's treatment and the subject matter of their expected testimony. Plaintiff argues that these

summaries, combined with the medical records already provided during discovery, give Wal-Mart everything it needs to properly defend against the physician's testimony.

Wal-Mart's argument as to why the Designation is deficient is confusing. The company asserts that the physicians should be barred from providing expert testimony because Plaintiff did not "provide a written report regarding the subject matter of the proposed testimony," (Doc. 38 at 6), yet, as non-retained experts, their testimony would not require Plaintiff to submit the "written report" called for under paragraph (B) of the rule. *Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007). If it is Wal-Mart's contention that Plaintiff's Designation did not satisfy the less demanding standard set out in paragraph (C), it has utterly failed to explain why this should be the case. Walmart complains that Plaintiff "never provided the Defendant with the information required under both the Federal Rules of Procedure and the orders of this Court," but the company does nothing to identify the alleged deficiencies.

It seems that there was an argument to be made that the Designation fails to adequately state the "facts and opinions" required under paragraph (C). While the Designation describes the general subject matter of the physician's potential testimony, the summaries offer little detail as to the actual content of the proffered testimony. That being said, the Court thinks it unfair to supply an argument that Wal-Mart itself has not seen fit to make. Moreover, even if the Court were so inclined, any such an argument would have to contend with the advisory committee notes to Rule 26, which caution courts against "requiring undue detail" when an expert, such as a treating physician, is not required to submit a full-fledged report under paragraph (B). *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee note to 2010 amendment.

In light of the policy expressed in the advisory committee's notes, and Walmart's failure to develop any argument on the matter, the Court denies Walmart's motion insofar as it seeks the

complete prohibition of any expert testimony from Plaintiff's treating physicians. Nevertheless, because Plaintiff's disclosures lacked detail as to the "facts and opinions" to which the doctors will testify, "expert" testimony will be limited to (1) the subject matters specified in Plaintiff's disclosures and (2) information disclosed in that doctor's medical records as provided during discovery.

As part of its motion regarding the expert testimony, Defendant also seeks to prohibit Plaintiff from "introducing any medical record into evidence . . . that describes a connection between the accident and any alleged injuries suffered by the Plaintiff." (Doc. 38 at 7–8). This request is overbroad and vague. The Court will rule on any specific objections as they arise at trial.

### B. Request No. 13, Paid Versus Incurred Medical Bills

Wal-Mart asserts that, "[u]nder Oklahoma law, a Plaintiff is not entitled to recover the full amount of medical bills if any portion of those bills have been paid by an insurance company or other third-party." (Doc. 38 at 9). According to Wal-Mart, Plaintiff's worker's compensation carrier paid his medical bills and now maintains a subrogation interest in his claim. (*Id.*). Wal-Mart therefore requests an order directing Plaintiff to "refrain from offering into evidence the entire amount of Mr. Jackson's medical bills, as such would allow the Plaintiff to recover more than to which [sic] he may be legally entitled." (*Id.* at 10).

Wal-Mart stands on firm ground with respect to its requested relief. By statute, "[u]pon the trial of any civil case involving personal injury, *the actual amounts paid* for any [medical bills] shall be the amounts admissible at trial, *not the amounts billed* for expenses incurred in the treatment of the party." Okla. Stat. tit. 12, § 3009.1 (emphasis added). Although the statute includes some exceptions to this general rule, the plain language of its primary provision clearly prohibits a plaintiff from proving up damages by reference to *bills* rather than *payments*. As Plaintiff does not argue for any exceptions, the general rule will govern at trial.

That being said, Wal-Mart significantly overstates the case when it asserts that "a Plaintiff is not entitled to recover the full amount of medical bills if any portion of those bills have been paid by an insurance company or a third-party." (Doc. 38 at 9, citing *Lee v. Bueno*, 381 P.3d 736 (Okla. 2016)). Wal-Mart has not specified what part of *Lee* supports this sweeping proposition, and the Court, having read the case in full, was unable to find any.

In *Lee*, a personal-injury plaintiff incurred a little more than $10,000 in medical expenses. A further $8,000 was submitted to his insurance company, but the company, due to a prior agreement with the service providers, ended up only paying $2,845. *Lee*, 381 P.3d at 739. Nevertheless, the plaintiff sought to recover the full sticker price of his treatment, including the portion billed to (but not paid by) his insurance company. The trial court held this to be prohibited under § 3009.1. On appeal, the plaintiff argued that the trial court's ruling conflicted with the state's collateral source statute. *See Lee*, 381 P.3d at 750 (discussing the impact of § 3009.1 on Okla. Stat. tit 23, § 61). The statutory rule, as explained by the Oklahoma Supreme Court, is essentially the same as the common law rule:

> Under our statute[,] upon commission of a tort[,] it is the duty of the wrongdoer to answer for the damages wrought by his wrongful act, and that is measured by the whole loss so caused. Under the statute the receipt of compensation by the injured party from a collateral source wholly independent of the wrongdoer would not operate to lessen the damages recoverable from the person causing the injury.

*Id*. (quoting *Denco Bus Lines v. Hargis*, 204 Okla. 339, 343 (1951)). The plaintiff argued that this meant an injured party must be able to recover the full amount of any medical bill, even if neither he nor his insurer would ever have to pay the full amount. The Oklahoma Supreme Court rejected that argument, noting, as a preliminary matter, that it was unclear whether Oklahoma's collateral source rule even permitted a plaintiff to recover an amount billed to a third party but never paid. To the extent the issue may have remained unresolved, however, the court concluded that the

debate came to an end with the approval of § 3009.1, since the express purpose of the statute was to limit damages to bills that someone had actually had to pay.

Still, this does nothing to support Wal-Mart's sweeping claim that a plaintiff cannot recover the full amount of his medical bill merely because some of that bill was paid by a third party. The court's ruling in *Lee* was narrow. To the extent the collateral source rule might have permitted a plaintiff to recover a portion of his medical bill that nobody actually had to pay, the court held that § 3009.1 now controls. However, the court was careful to say that the collateral source rule, as it has traditionally been understood, remains intact. *Lee*, 381 P.3d at 752. Thus, if a plaintiff's medical bills have been paid in full, he can recover for them in their entirety, irrespective of who did the paying.

In this case, it remains to be seen who paid what, but, under the collateral source rule, he may present evidence of any applicable medical costs that have actually been paid, whether by him, his worker's compensation carrier, or any other third party.

## II.   CONCLUSION

For the foregoing reasons Defendant's Motion in Limine (Doc. 38) is **granted in part and denied in part**. With the exception of Defendant's request to exclude the expert testimony of Plaintiff's treating physicians, Defendant's Motion is granted. Request number nine is denied, subject to the conditions described above.

SO ORDERED this 29th day of September, 2020.

*[signature]*
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT